IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON TOBIAS SMITH, #24969-044, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) )  Civil No. 18-cv-1158-NJR |
| BILL TRUE, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Jason Tobias Smith is a federal inmate in custody of the Bureau of Prisons ("BOP") at USP–Marion. He filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the loss of 27 days of good conduct credit as a sanction imposed in prison disciplinary proceedings. (Doc. 1). The Petition sets forth these grounds for relief:

1. Smith's due process rights were violated because, according to the BOP Program Policy, investigators do not have the authority to re-write an incident report "after it was written and heard by the Unit Disciplinary Officer."

2. There was no evidence to support the finding of guilt.

Respondent filed a response at Doc. 8 and Smith filed a reply at Doc. 10.

### RELEVANT FACTS AND PROCEDURAL HISTORY

Smith is serving a 120-month sentence imposed in the Eastern District of Missouri in 2016. *United States v. Smith*, Case No. 15-cr-225-CEJ (Doc. 91). His projected release date is January 3, 2024. *See* www.bop.gov/inmateloc/ (last visited on Sept. 3, 2020).

On May 31, 2017, Incident Report Number 2993262 was issued to Smith charging him with Fighting in violation of Prohibited Act Code 201. The Report concerned a fight involving several inmates that occurred at Marion on April 18, 2017. The fight resulted in injuries to an inmate named

1

Eddie Jackson. A copy of the Report was delivered to Smith on that same date. (Doc. 8-1, pp. 2-3).

Incident Report Number 2993262 was re-issued on June 20, 2017, and delivered to Smith on that same date. The face of the Report states that it was "re-written" to "update the Prohibited Act Code and include additional details on the incident." The charge was changed to "Assaulting any person" in violation of Prohibited Act Code 224. (Doc. 8-1, pp. 4-5).

A Notice of Discipline Hearing was delivered to Smith on June 21, 2017. The Notice states that Smith declined the opportunity to have a staff member represent him at the hearing. He requested two witnesses, inmates Eddie Jackson and Leonard Brown. (Doc. 8-1, p. 7).

The Discipline Hearing Officer (DHO) Report states that a hearing was held on July 11, 2017. The two witnesses requested by Smith appeared at the hearing. The Report listed the evidence considered by the DHO, which included the Incident Report, the fact that Smith declined to make a statement during the investigation, Smith's statement at the hearing, the inmate witnesses' statements, a memorandum prepared by Lieutenant Crooks, medical assessments of inmates involved in the incident, and video of the incident. Smith stated at the hearing that he did not put his hands on Jackson or strike him. Smith acknowledged that he was part of the group but claimed that he was trying to defuse the situation and was trying to tell the guys to chill out. The video showed an inmate (not Smith) throw a chair at Jackson and another inmate hit Jackson with a trash can. A group of inmates, including Smith, ran after Jackson and surrounded him. Some of the inmates kicked and stomped on Jackson as he lay on the floor. The DHO concluded that she could not determine from the video whether Smith kicked or stomped on Jackson, but the video did show that Smith was part of the group that chased Jackson. She also concluded that the video did not show Smith trying to break anything up. The DHO concluded that there was "some evidence" that Smith aided in the assault of Jackson. (Doc. 8-1, pp. 9-12).

Smith filed an Administrative Remedy Appeal (grievance) raising the following issues:
1. The same employee, Huggins, reported and investigated the incident, in violation of

prison procedure and due process;

2. Huggins's findings were not credible in that his report was contradicted by the Incident Report and the DHO's review of the video.

3. An inmate named Daniel "offered to submit an exonerative affidavit, and was shipped prematurely."

The Appeal was denied, and Smith appealed to the Office of General Counsel, which also denied his appeal. (Doc 8-1, pp. 13-18).

## APPLICABLE LEGAL STANDARDS

**1.** *Due Process Requirements in Prison Disciplinary Proceedings*

BOP inmates can challenge the loss of good conduct credit by way of a petition for habeas relief pursuant to 28 U.S.C. § 2241. *Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983).

Inmates retain due process rights in connection with prison disciplinary proceedings, but such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The minimum requirements of due process in such proceedings are (1) receipt of written notice of the charges in advance of the hearing, (2) an opportunity to be heard before an impartial decision maker, (3) the right to call witnesses and present evidence where same will not be unduly hazardous to safety or correctional goals, and (4) a written statement as to the evidence relied on and the reason for the decision. *Wolff,* 418 U.S. at 563-566; *Henderson v. U.S. Parole Commission*, 13 F.3d 1073, 1077 (7th Cir. 1994).

The findings of the discipline hearing officer must be supported by "some evidence in the record." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). A habeas court can overturn the decision "only if no reasonable adjudicator could have found [petitioner] guilty of the offense on the basis of the evidence presented." *Henderson*, 13 F.3d at 1077.

**2.** *The Exhaustion Requirement*

A habeas petitioner must exhaust administrative remedies before the Court can consider a

challenge to prison disciplinary proceedings. *Jackson*, 707 F.2d at 949; *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997).

The exhaustion requirement in Section 2241 cases is not statutorily mandated and is thus not jurisdictional. The Supreme Court has identified two purposes for the exhaustion requirement, *i.e.*, protection of the agency's authority, and promotion of judicial economy. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). There can be exceptions to the requirement, but "sound judicial discretion governs." *Id*., at 1017.

The BOP has created an Administrative Remedy Program which "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). The Program is described in detail in the Response to the Petition, Doc. 8, pp. 3-4.

## ANALYSIS

Respondent argues that Smith's first argument cannot be considered because that claim was not exhausted. The Court agrees.

Smith did not mention the amendment of the Incident Report in his Administrative Remedy Appeal. (See Doc 8-1, pp. 13-18). He offers no excuse for his failure to exhaust, and the claim cannot be considered.

Even if the first claim could be considered, it has no merit. Smith asserts that prison procedures do not permit an SIS investigator to re-write an incident report, but prison regulations do not automatically give rise to a protected liberty interest. *Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011). Smith received written notice of the amended charge well in advance of the hearing, which is what is required. *Wolff*, 418 U.S. at 563.

Smith's second claim fails because there was the required "some evidence" to support the finding of guilt, most notably the video which showed that Smith was part of a group of inmates who chased Jackson down the range. Smith argues that the video did not show him striking or assaulting Jackson and Jackson said that Smith did not assault him, so he cannot be guilty. (Doc. 1, p. 7). This

argument ignores the DHO's explanation that he was found guilty of aiding in the assault. (Doc. 8-1, p. 12). BOP disciplinary procedures treat aiding or abetting a prohibited act the same as committing the prohibited act. BOP Program Statement 5270.09, § 541.3(a), available at https://www.bop.gov/policy/progstat/5270_009.pdf (last visited on Sept. 4, 2020). The DHO considered other evidence as well, including the statements of Smith's witnesses, but did not find those statements to be credible.

In effect, Smith is asking this Court to reweigh the evidence, which it cannot do. Under the "some evidence" standard, this Court does not reweigh the evidence or determine credibility. *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). The Court does not "assess the comparative weight of the evidence underlying the disciplinary board's decision." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Further, the evidence need not be sufficient to logically exclude any result except the one reached by the prison decision maker. *Viens v. Daniels*, 871 F.2d 1328, 1334-1335 (7th Cir. 1989).

The "some evidence" standard is "lenient." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000), as amended (Aug. 18, 2000). Even "meager" evidence satisfies due process where "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Hill*, 472 U.S. at 457.

The evidence here was more than meager and easily satisfies the "some evidence" standard.

## CONCLUSION

Petitioner Smith has not demonstrated that he was denied due process in connection with the disciplinary proceedings and thus his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Smith wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Smith plans to present on appeal. *See* FED.

R. APP. P. 24(a)(1)(C). If Smith does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Smith to obtain a certificate of appealability from this disposition of his Section 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:  September 8, 2020**

*Nancy J. Rosenstengel*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**